Services. Mr. Dixler, please proceed when you're ready. Good morning, Your Honors. May it please the Court, my name is Scott Dixler. I represent the appellant, GGM. Your Honors, this case presents the threshold question whether Rule 60b-6 relief is ever available to relieve a client from the consequences of her attorney's gross negligence. A majority of circuits have held that such relief is available under those circumstances. And the government now agrees that such relief can be available. Even so, the special master in this case failed to recognize that Rule 60b-6 relief was ever available in the case of attorney gross negligence. So at a minimum, this Court should remand this matter to the special master with instructions to apply the correct legal standard. Why don't you point me to a sentence in the special master opinion or some place where you think it's clear that she did not appreciate that you can ever grant 60b for gross negligence by an attorney. Yes, Your Honor. I guess my first observation, I'll turn to the language right away, but just before I do, the special master never said as much. So that's the first thing. The fact that she didn't say that 60b can be granted in gross negligence doesn't mean that she didn't understand it. Your argument is that she failed to appreciate a governing legal point. And so I need to understand, just failure to mention it doesn't indicate to me that she failed to appreciate it. Right, Your Honor. So turning to the actual standard that she did apply, the way her decision is structured is that she sets out the legal standard for Rule 60b-1 first. And under the Rule 60b-1 discussion, she cites authority for the proposition that a client is always bound by a lawyer's conduct, including a lawyer's neglectful conduct. Why don't you tell me? I mean, I'd really like you to show me in the opinion some place that maybe will really make it clear to me that she failed to understand the law. Right, Your Honor. So turning to, if you look at page 7 of the Joint Appendix, she cites the Petal case, which says, federal courts have consistently upheld the principle that, quote, an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from judgment under Rule 60b-1 or 60b-6. Well, that's not wrong. It's to the extent that circuits have identified gross negligence as a basis for 60b-1, it seems to me that the judge for the Court of Federal Claims pretty effectively and clearly articulated the difference between gross negligence of the kind which separates the lawyer from his client. I tell you I'm going to file something in a timely fashion, and then I don't file it. The lawyer, his actions were not consistent with his client's wishes. And that kind of gross negligence is gross negligence attributed solely to the lawyer, and therefore should not be held attributable to the client. But in this case, there are repeated examples of the lawyer saying that he and his client have agreed to pursue civil remedy where they think they can receive a larger compensation package. I can understand why they'd want to do that, but it doesn't seem to me that there is any fundamental breakdown in the attorney-client relationship, which I see in every one of the cases where gross negligence was allowed. So what am I missing? Well, Your Honor, the distinction, it's a distinction the government draws as well between... Well, the Court of Federal Claims drew this distinction. Yeah, yeah, right. Between gross negligence that takes the form of a dismissal for failure to prosecute or a default judgment on the one hand, or here, a failure to conduct legal research that results in a voluntary dismissal. The problem is the argument you're asking for, it seems to me, would allow for a 60B every single time an attorney makes an incorrect assessment of the legal proposition at issue. Any time the attorney makes an error of law. If there is a case that says the opposite, then he shouldn't have led his client down that path. The problem is that happens all the time. Nothing personal, but on many instances, lawyers miss, overlook, often inexcusably, as in in this case, but overlook governing law and make those mistakes with their client's agreement and assent. And yes, the client is not knowledgeable or sophisticated and doesn't know it, but that's what happens. That, I think, it seems to me, has been ruled out as a basis for 60B by the case law and accepted as not entitling someone to 60B relief. What am I missing? Well, Your Honor, the cases are clear, as I've said, that attorney gross negligence can be a basis for relief from a judgment under Rule 60B-6. So the concern that there's going to be a floodgate of cases or the floodgates of cases will be opened where clients will come in and say, well, my attorney made a legal error, so I need 60B-6 relief. What the limiting factor is, is the gross negligence of counsel. The Ninth Circuit makes this point in the Taney case, that unfortunately, attorney negligence, failure to understand legal rules, et cetera, is all too common, but gross negligence is rare. And here, in this case, there's no concern about that at all because the government concedes that attorney Sun's failure to conduct any research about the preemptive scope of the Vaccine Act was grossly negligent. So while in some cases, admittedly, there could be a hard... Are you trying to make a distinction between legal error and really bad legal error for purposes of Rule 60B? I wouldn't phrase it that way, Your Honor. I would phrase it in terms of negligence and gross negligence, and sometimes gross negligence, as in this case, could manifest itself in the failure to conduct any legal research at all. So this isn't just a case where there was legal research conducted and it led the attorney to an erroneous conclusion of law that unfortunately had bad consequences for the client. This is a case where no legal research whatsoever was conducted. And that's where, just to bring up another point, is that the government, like the Special Master, or excuse me, like Judge Kaplan, put significant weight on the distinction between a grossly negligent act and a grossly negligent omission. And the government argued that, well, a grossly negligent omission could justify relief from a judgment, but a grossly negligent... Excuse me. You're right. And a grossly negligent act never could. But here there was a grossly negligent omission, which was the failure to conduct any legal research.  Yes, Your Honor. What's your position? Do you agree with Sanofi that the Special Master issued an order that she, as a legal matter, was not legally able to issue? That being the fact that she issued a judgment of dismissal as opposed to an order concluding proceedings? Well, Your Honor, just to back up for a second... We agree with Sanofi that the vaccine program is the appropriate venue for GGM's claim. We completely agree with Sanofi that this case should not be proceeding in the federal district court. It shouldn't have proceeded in state court. It belongs in the vaccine program. So on that, we agree completely. Until resolved on the merits. Right, right. So, yeah, we're totally on board with Sanofi in that respect. In terms of the procedural argument that Sanofi raises, I mean, it's an argument that we considered candidly and we decided not to pursue. And the reason why is that, as we see it, as between GGM and the government, the argument's completely inconsequential, whether a judgment entered, as it did in this case, or whether an order concluding proceedings entered under Rule 21. You're baffling me. I have to stop you. You've got to stop talking. You're digging yourself a hole. I don't even understand your argument. Inconsequential? If this had been an order, dismissal, without prejudice, you could have refiled. You had your California order on, let's see my dates here. You could have brought, your California order was, you could have brought until September 7th of 2015, a new petition. If the petition had been dismissed without prejudice, you could have refiled. So how can you say it's inconsequential, whether the special master had dismissed without prejudice, which seems to me the only thing that would have been appropriate to do under the rules of the Vaccine Act and the statute, versus actually entering a judgment against you seemingly, which cannot be done under the rules or the statute, absent a decision on the merits, and a judgment against you prevents you from refiling and leaves you with the only avenue being 6dB. If she had followed proper rules and instead entered this as a dismissal with prejudice, when you found out from California, you still had almost a whole year in which you could have refiled this claim, not been barred by the statute of limitations, and refiled your petition. Because a dismissal without prejudice would have allowed you to do that. So how can you say her designation of this is inconsequential? How can you say you considered it and decided not to do it because it didn't make a difference? I'm at a loss. Your Honor, I mean inconsequential as the court sits now, from the appellate perspective. From the appellate perspective right now, because keep in mind there was a judgment. I still don't understand it. I mean, I think you're giving away your case. If it's a judgment, you lose. Because I don't think we're going to agree. I'm speaking for myself. But your view of the difference between gross negligence and negligence and attorney mistake is not going to hold up with me. But if this was not a judgment and should never have been entered as a judgment, then maybe there's something that the special master should have taken a look at. Right. And under the rules, right, I think that the argument is well taken, that under Rule 21 when there's a voluntary dismissal, an order concluding proceedings should enter and not a judgment as was entered. Now, the reason I said it was inconsequential, and maybe that was a bad choice of words, but the reason I mentioned it is because either the judgment or the order concluding proceedings in this under Vaccine Rule 36 is subject to attack under Rule 60B. So in either case, and that's just what I have. Yes, but if it's a judgment, you lose. If it was an order concluding proceedings, you probably win. Okay, Your Honor. And obviously, I don't agree that we should lose if it were a judgment, but I take Your Honor's point. So in that world, what I would ask the court to do is that if the court agrees with Sanofi that an order concluding proceedings should have entered and not a judgment, what I would just ask is that the court not remand with instructions to enter the order concluding proceedings. Because as a practical matter, that would have no consequence, and that's kind of what I meant. Did you have any settlement discussions? You don't have to tell me the content of them. I know they're confidential, but either before the Special Master or before the Court of Federal Claims when you refiled this? Before the Special Master, yes. Before the Court of Federal Claims, yes, and I wasn't involved in the case at that time. Not the first time on the 60B motion? On the 60B motion, I believe so, yes. If there's nothing else, Your Honor, I'd like to reserve the balance of time for rebuttal. All right, Mr. Coleman. Thank you. May it please the Court, my name is Robert Coleman. I represent the Secretary of Health and Human Services. Regarding the amicus motion that was raised, the previous argument, I'd like to raise four procedural issues at the outset. The first is that the amicus brief was filed late under this Court's Rule 29E. You're not going to get very far. I mean, we allowed the filing of it. We read it. We obviously have questions about it. I want you to address the merits of the amicus argument. Certainly, Your Honor. First off, regarding whether this was a decision or not, appellee's position is that it was a decision. This was issued in response to petitioner's explicit request for a decision. It was treated by all the parties as a decision. You mean a judgment? No, I mean the decision from which a judgment would follow. And that can only occur in certain circumstances, right? A judgment? Yeah. Yes, however. This is a decision under the statute 42 U.S.C. section 300AA-12D3A, decision of a special master shall include findings of fact and conclusions of law, be issued as expeditiously as practical but not later than 240 days, et cetera, et cetera, et cetera. Where are the findings of fact and conclusions of law in this decision? That would be on JA-33, which is the second page of the dismissal decision. And perhaps they're not the same findings of fact and conclusions of law typically seen in other cases. Wait, say that again. We're on JA what, 33? JA-33. Which paragraph? We can start with the top paragraph, but it will be the top three paragraphs. There are particular findings of fact noted, which are. Where is the finding of fact? This looks to me to be Petitioner's Counselor stated, Respondent stated, Petitioner's Motion. Where in those first three paragraphs is any finding of fact? Those are what we submit are findings of fact, although they may not be, as I said originally, typical findings of fact. Okay, so it is a finding of fact about what Petitioner's Counsel argued? It's a finding of fact that on March 11th the demand to respond to was issued. That's a fact. But those are no findings of fact about entitlement or the like. That's what's contemplated by the statute, isn't it? We argue that it just says findings of fact and conclusions of law, but doesn't specify. Wait, but your vaccine rule, does vaccine rule 10 govern this case? Yeah, it can be applicable. Do the vaccine rules govern? They're not just wishy-washy, you can do them when you want to. The vaccine rules actually govern, right? That's correct. These were promulgated after notice and comment, and they are the force and effect of law. Is that right? Vaccine rule 10, which interprets the statutory provision I just read to you about findings of fact and conclusion of law, says, pursuant to 42 U.S.C. section 300, it's the same section, the special master will issue a decision on the petition with respect to whether an award of compensation is to be made, and if so, the amount thereof. Doesn't that rule lend further support to the idea that a decision is only a decision if it reaches the merits of the case and is distinct from a dismissal of the case? I don't respectfully, Your Honor, I don't believe so. I think it must deal with whether or not compensation is awarded, and here, as she's dismissing the case. Whether compensation was appropriate. I'm having a real hard time reconciling your petition, or your position in this case, with the paper you filed in the autism case. I assume you know which one I'm talking about. Yes, I do. The Greenbush cited it. Throughout this, you maintain, you have different examples of where a judgment is not appropriate, and every one of them seems to, not every one of them, but they all seem to mirror, in some respects, this case. And your distinction in those autism cases all seems to rely on the fact that a judgment shouldn't enter unless the special master makes findings of fact regarding whether compensation is appropriate. I understand your point, Your Honor. First of all, though, I would like to highlight for the court that there is a provision under the law for a claim to be removed from the vaccine program after 240 days, and for the petitioner to then seek remedy in civil court thereto. So, although that's not exactly what happened here procedurally, that's an example of what you would end up at the same conclusion that we have here. But that's not what happened here. No, but the petitioner... Petitioner's right. I mean, the petitioner, I don't know which of these paragraphs in your autism claim this falls under, but it falls under one of them. Yes, and to touch on that exact point, the Curry decision was cited, and that was... Let me ask you this. Let's assume we find that your autism position makes it improper for the special master to have entered judgment here. What do we do? I think you can look to the decision where in the dismissal decision, the special master indicated that she was treating this as a stipulation under vaccine rule 21A1B, that under 21A1B, under 21A2, which also deals with the same provision, under 21A2, a stipulation for dismissal can be prejudicial. That's up to the petitioner. And here, petitioner, as petitioners are requesting a decision and judgment to pursue civil action, they're inherently arguing that they need a prejudicial... You're saying vaccine rule 21A2, that dismissal can be with prejudice? Yes. But not under circumstances that we have here. I mean, this is exactly the opposite of what you argued in this autism paper. You were arguing against allowing people to opt out of this process until they got a decision. I know you didn't get a chance to respond to this, and that it was responded late. I think I may suggest that you're going to get a chance to respond to this in writing, because I'm particularly troubled by the fact that it seems like you're making inconsistent positions. Thank you very much for potentially the opportunity to brief the issue. We would appreciate that. But additionally, regarding the Curry decision, and this was the point in the Curry decision from Special Master Hastings and in our briefing of that issue is that there was a fear that the vaccine program would be given short shrift, that petitioners would enter the program, would seek to dismiss their case the next day, and would use that to launch into civil court. We don't have that here. The 240 days also serves as a threshold to show good faith. The petitioner here entered the program, gave it a chance to work, even obtained some settlement discussions, pursued their claim for more than 240 days. They're entitled to a judgment, to a decision within 240 days, but they didn't get that. Therefore, they're then able to remove and get out of the vaccine program. But that doesn't eliminate their right to do it. I don't understand how that has any bearing on what we're deciding. Well, one of the primary issues is- We're deciding whether 60B is appropriate under the facts of this case, which include a scenario in which because the Special Master procedurally, inaccurately entered judgment in this case, procedurally, and I think she may have thought she was helping them because entering judgment would let them bounce over to a civil suit in California. I don't know why she did it, but it's clearly contrary to the rules in the statute. Judgment could not have been entered in this case. A voluntary dismissal does not amount to judgment. And your rule, by the way, vaccine rule 21A2, which I also have here, says unless the notice or stipulation states otherwise, dismissal is without prejudice. So that's the general rule, except a notice of dismissal may, in the discretion of the Special Master, be deemed to operate as an adjudication of the merits if filed by a petitioner who previously dismissed the same claim. So if she came back a second time and tried to dismiss, then it could be. But that's the only circumstance. The rule that you actually cited to Judge Chen claiming that allowed for this does not allow for it, clearly on its face. It only allows a dismissal with prejudice in one circumstance, which is absolutely not the facts of this case. It says if in the stipulation it states otherwise. That, we would argue, is by implication what happened here. You've referred to this 240-day, and maybe I should wait for the writing on this, but if a claimant goes 240 days in the program and doesn't get a decision, what happens if she wants to get out? Typically, a notification will issue alerting the petitioners of the fact that the notice has now expired, and they are given the opportunity to simply opt out of the program. So was this all done before the 240 days? This was done after 240 days. So a petitioner had already. But there was no notification? There was a notification. At the 240-day mark, there was a notification, and a petitioner opted to remain in the program at that time. But that doesn't eliminate the right forever for closing them from pursuing their claim. So here, we understand that that didn't procedurally occur here. The 240 days wasn't actually referenced in the decision, but that just goes to the fact that. So if they had said, even after they'd remained in after the 240, if they'd come back and said, well, we're done now. We still haven't gotten a decision. It's more than 240 days. Give us a decision. But the special masker can then issue a decision saying this case is resolved on the merits? The special masker wouldn't issue any decision there. You wouldn't need a decision in judgment. It's a separate provision. Just the opting out after the 240 days is enough to opt into civil court. That's not. I mean, I understand what you're saying, but that's not useful at all because that's not what happened here. It's not what happened here, but we would argue it's harmless error because that was the right of the petitioner to do. Here, we're trying to, in this vaccine program, protect the rights of petitioners, and that's one of the rights. In fact, the amicus brief is submitted trying to protect the interest of the vaccine manufacturers, but we would highlight for this court the program was also created for petitioners, and this is the right of petitioners to get out of the program. The special masker may have procedurally not. Let me get this straight. You're standing in front of me arguing that your argument is in the best interest of vaccine claimants right now. That's what you're arguing? You have a 2-year-old little girl that is paralyzed by virtue of receiving the flu vaccine. The government is not disputing this fact. This little girl is going to need a lot of medical care, and that's why we have the Vaccine Act set up. So you don't get to stand in front of me and take the high road and claim that my government is acting in the best interest of the Vaccine Act claimant because my government would not be standing here defending this case. My government would have not opposed the Rule 60B to begin with. You might be on totally solid foundation with this gross negligence nonsense, but you are on terrible footing on the Sanofi brief, and when you leave here you're going to think about it, and I'm going to give you 60 days to brief why I shouldn't send it back under 60B and have the special master evaluate the failure of the special master to have followed proper procedure, which seems pretty damn clear to me in this case that she should not have entered a judgment, and that is what is presented. I have all the dates in front of me. They could have refiled a new petition, and we wouldn't be here. The government all but admitted that everything factually weighed in favor of giving this little girl's family money. So don't you dare come into this court and try to take the high road in a case like this. My government doesn't behave this way, and it sure itself doesn't do it in a haunty fashion. I understand, and I apologize. The one potential, it's not even an argument, but just another consideration is that there are also other petitioners coming before the program. Look, I get it. I used to argue before the Secretary for VA, it's really hard defending the government against very sympathetic claimants, and I get what you're trying to argue is that the program overall, even though it may be unfair here, is intended to allow claimants who want to elect their choice to opt out. But if they do that, shouldn't it be incumbent upon the special master and the government to make sure that they're doing it under the right procedures, which would have here been, I take it, to file an election that they're no longer willing to proceed after 240 days, rather than to enter into some kind of stipulated dismissal that, under your rules, shouldn't have resulted in a judgment? Yes, I believe that's true. This was a unique set of circumstances where I think the issue was raised orally instead of in writing, and the respondent didn't know that it was coming up, and the special master didn't know that it was coming up. So, yes, it should have been dealt with in a different procedural way. All of those boxes should have been checked. We're simply arguing it is the rights of the petitioner to get out and to pursue civil action. That is all. I apologize. I should not have gotten so angry at you. But when you made the comment about this is in the best interest of the Vaccine Act claimants, in this case, this little girl is not getting what's in her best interest. But, you know, it's not you, and I know that. And the government has made legitimate arguments that are quite well-founded on the gross negligence points, and I understand why you'd want to take them to the natural conclusion on the legal points. I get all of it. I guess, for me, I don't understand why you didn't settle this case, and I'm going to give you 60 days to do it, and I sure as heck hope you do. I do think there is a very legitimate argument in the Green Brief, but it wasn't made by him. And I get that. I get that. It doesn't mean it couldn't be. I mean, I've done all the research on 60B. You can make as many of them as you want. I mean, it's an equitable thing. The equities clearly all favor them. And if the special master was complicit in it, even though they asked for it to be a judgment, the attorney beforehand was completely incompetent. And that ought to weigh in favor of this two-year-old paralyzed little girl in terms of the equities. So I think I really hope that I don't have to see you guys back here. But we're going to issue an order asking for briefing on some of the points raised in Sanofi, and we'll give you 60 days to be an adequate amount of time for the judgment. Yes, that's sufficient, and thank you very much for that opportunity. What's the latest on settlement negotiations contact? When was the last one made? Standing before you today, I couldn't tell you exactly when the last contact was made, but we will consider that, certainly, as we move forward. We're happy to. Anything further? No, I just hope that both sides understand that they need to be reasonable here. I mean, we've certainly been very difficult on the government, but there were serious mistakes made by the claimant's counsel earlier in this process that deprived her of what she was due, and those should factor into whatever discussions you have. All right. Well, thank you, Mr. Coleman. You've actually done, I think, a very good job with a really, really difficult set of facts and a difficult case. But, Mr. Dixler, I want to give you a couple of minutes of rebuttal time, and you can use it however you see fit. I think you ought to sit down. But you can use it however you see fit. I will. I do want to. Go ahead. Start his clock. I'm going to talk for part of it. I do want to tell you that I agree tremendously with Judge Hughes. You don't have a strong case in the blue brief. You don't. There's a really good case in the green brief. But that, at best, most likely requires you to go back and file a new 60B motion with the same special master that denied you once before. This little girl deserves some sort of support for the rest of her life, and I hope that you all will find a collective way to reach clearly the right result here. But you don't have a super strong case. So I don't, with the fact that we came down so hard on the government, I don't want you to think, okay, there's a huge payday in the future. You don't have a great case in the blue brief. The best you've got is maybe a vacate and remand for consideration of arguments raised in the green brief. And I guess I just want you to know that flat out so that you're not walking in to a settlement agreement thinking you've got a clear-cut winner in this case. Do you understand? I mean, you heard all the questions. No, I understand, Your Honor. Thanks. And you can go ahead and use whatever time you want. Oh, and I'm going to take Your Honor's advice to sit down. Before I do, I just want to make clear that in addition to the gross negligence point, and this goes to points that the bench was making during the government's argument, is that there are other equitable considerations here, apart from the gross negligence issue, that warrant 60B relief in this case. And that's lack of prejudice to the government is conceded. The gross negligence of counsel, as I mentioned, is conceded. The finality of judgments has no bearing in the context of the Vaccine Act, which is a no-fall compensation scheme. So with those points, I'll submit. Thank you. So you're not disavowing the green brief, right? Oh, no, we're not disavowing the green brief. But you also understand it's unusual for courts to adopt arguments in a green brief that weren't in the blue brief? Yes, Your Honor. Okay.